IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DALE ERNEST DENOYER, | ) | 8:15CV185 |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, U.S. MARSHAL'S SERVICE, U.S. PAROLE COMMISSION, and U.S. PROBATION OFFICE, | ) | |
| Respondents. | ) | |

## BACKGROUND

On May 12, 2015, Petitioner Dale Ernest DeNoyer filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in a federal district court in the District of South Dakota. The federal district court transferred the case here because, at that time, DeNoyer was incarcerated at the Diagnostic and Evaluation Center in Lincoln, Nebraska.

At the time DeNoyer filed his petition, he was being detained in Nebraska on a federal parole violation warrant and resulting United States Marshal detainer, which originated in the District of South Dakota. DeNoyer has since been transferred to the Buchanan County Jail in St. Joseph, Missouri. (*See* Filing No. 11, Notice of Change of Address.)

## DISCUSSION

The federal district court in the District of South Dakota transferred Denoyer's § 2241 action to this court because it did not have jurisdiction over Denoyer's current custodian. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (holding a court may not issue a writ of habeas corpus unless it has jurisdiction over the petitioner's custodian.")

Now that Denoyer has been transferred to a county jail in St. Joseph, Missouri, this court faces the same jurisdictional problem.  To further complicate matters, DeNoyer named the United States, the United States Marshals Service, the United States Parole Commission, and the United States Probation Office as the respondents, but it is entirely unclear whether he is in any of these parties' custody.  In any event, the court can discern no jurisdictional basis for deciding Denoyer's § 2241 petition in the District of Nebraska.  Accordingly,

IT IS ORDERED:

1. Denoyer has 30 days in which to show cause why jurisdiction is proper in this federal district court.  The court will dismiss this case without prejudice and without further notice if DeNoyer fails to respond to this order.

2. The clerk of the court is directed to set a pro se case management deadline: October 29, 2015: check for response to show cause order.

DATED this 28th day of September, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge